# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 2839 | **DATE** | 8/30/2001 |
| **CASE TITLE** | Guerra vs. Illinois State Police et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing set for 9/20/2001 at 9:30 A.M..
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Ruling held. **ENTER MEMORANDUM OPINION:** Defendant's motion (Doc 5-1) to dismiss is granted. We grant the defendants' motion to dismiss those allegations of discrimination occurring outside of the 300 day filing period. We also dismiss in its entirety the court alleging retaliation. Finally, we dismiss with prejudice all claims against the State of Illinois. Plaintiff's oral motion for leave to amend his retaliation claim is granted. Said amended complaint to be filed by September 6, 2001.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | AUG 3 1 2001 date docketed | |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | | 10 |
| | Copy to judge/magistrate judge. | docketing deputy initials | |
| SCT | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

FRANK GUERRA,

    Plaintiff,

vs.

ILLINOIS STATE POLICE and the
STATE OF ILLINOIS,

    Defendants.

01 C 2839

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter is before the Court on defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below we grant the motion.

## BACKGROUND

Plaintiff Frank Guerra ("Guerra") filed a two count complaint against defendants Illinois State Police ("ISP") and the State of Illinois. The first count alleges discrimination on the basis of race and national origin. The second count alleges retaliation for the filing of the discrimination charge. The defendants seek to bar relief for discriminatory acts which occurred prior to the 300 day filing limitations period. The defendants also seek to dismiss the count alleging retaliation in its entirety. Finally the State of Illinois seeks to have itself dismissed from the case with prejudice as it is not a proper defendant. Guerra, in his answer to the defendants' motion to dismiss, concedes that the State of

Illinois is not a proper defendant in light of the fact that the ISP is the employer accused of discrimination.

Guerra was employed by the ISP. In his complaint Guerra alleges that since the promotion list for Lieutenant became effective on December 1, 1997, a total of 24 persons were promoted to Lieutenant and none of those person was of Hispanic or Mexican ancestry. Specifically Guerra alleges that on February 5, 1998 he was ranked number seven on the statewide promotion list and number one in the Region I area. During the next nine months the ISP promoted four persons to Lieutenant that were ranked lower on the promotion list that Guerra and none of the four were of Hispanic or Mexican Ancestry. On August 16, 1999, the ISP made eleven more promotions to Lieutenant and again none of the persons promoted was of Hispanic or Mexican Ancestry. Also, all eleven of the persons promoted were ranked lower on the promotion list than Guerra. Guerra finally alleges that on October of 1999 the ISP again promoted a non-Hispanic person to Lieutenant who was ranked lower on the promotion list than Guerra.

In addition to being denied promotions, Guerra alleges that in April of 1994 he was denied a request to attend a training course that was recommended for consideration for promotion to Lieutenant and other non-Hispanics were allowed to attend. Also, Guerra alleges that in the Spring of 1999 he was denied an opportunity to attend a training course, yet another person who was not eligible to be promoted to Lieutenant was allowed to attend.

Guerra filed a charge with the E.E.O.C. and the Illinois Department of Human Rights on November 17, 1999. In the charge Guerra failed to check the box marked "retaliation." Guerra later filed the instant complaint in federal court on April 20, 2001. Despite the fact that the E.E.O.C. charge did not allege retaliation, Guerra's complaint includes a claim of retaliation but contains no supporting allegations. Subsequent to the filing of the federal complaint, Guerra filed a retaliation charge with the E.E.O.C. and the Illinois Department of Human Rights on May 11, 2001.

In his response to the defendants' motion to dismiss, Guerra admits that the E.E.O.C. charge alleging discrimination did not contain allegations of retaliation and that the complaint does not contain factual allegations supporting the retaliation claim. He explains that he did include the retaliation charge and the supporting facts with his complaint because he did not receive the right to sue letter from the E.E.O.C. for the retaliation charge until July 27, 2001. In his response to the defendants' motion to dismiss Guerra requested leave to amend his complaint to include the E.E.O.C. retaliation charge.

## LEGAL STANDARD

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the sufficiency of the complaint, not to decide the merits of the case. In ruling on a motion to dismiss, the court must construe the complaint's allegations in the light most favorable to the plaintiff and all well-pleaded facts and allegations in the plaintiff's complaint must be taken as true. See Bontkowski v. First National Bank of Cicero, 998 F.2d 459, 461 (7th Cir. 1993). The allegations of a complaint

should not be dismissed for failure to state a claim "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Hartford Fire Ins. Co. v. California, 509 U.S. 764, 811 (1993); Sherwin Manor Nursing Ctr., Inc. v. McAuliffe, 37 F.3d 1216, 1219 (7th Cir. 1994). Despite the liberal pleading requirements, the plaintiff must provide more than "bald assertions" and include within his complaint the basic facts necessary to set forth each element of his cause of action. Lucien v. Preiner, 967 F.2d 1166, 1168 (7th Cir. 1992).

## DISCUSSION

The defendants ask the court to bar any relief for discriminatory acts which occurred more than 300 days prior to Guerra's filing of the E.E.O.C. discrimination charge. The defendants also seek to have the count alleging retaliation dismissed based on the fact that the E.E.O.C. complaint did not contain allegations of retaliation and the complaint did not contain factual support for retaliation.

**I. Applicable Limitations Period**

A complainant must file a charge with the E.E.O.C. within 300 days of an alleged act of discrimination or else the complainant is barred from bringing a Title VII suit in federal court. See Hentosh v. Herman M. Finch University Sciences/The Chicago Medical School, 167 F.3d 1170, 1173-74 (7th Cir. 1999). However, a plaintiff may obtain relief for wrongful acts that would otherwise be time-barred under the continuing violation doctrine. See Place v. Abbott

Labs., 215 F.3d 803, 807 (7th Cir. 2000). The continuing violation doctrine allows a plaintiff to connect acts of discrimination that occurred outside the E.E.O.C. filing limitations period to acts that occurred within the limitations period and view all the discriminatory acts as one continuous act ending within the limitations period. See id.; Selan v. Kiley, 969 F.2d 560, 564 (7th Cir. 1992). However, the scope of the continuing violation doctrine is extremely limited. The Seventh Circuit has recognized only three types of continuing violations:

> where the exact day of the violation is difficult to pinpoint because the employers decisionmaking process takes place over time; where the employer has a systematic, openly espoused policy alleged to be discriminatory; and where the employer's conduct is so covert that its discriminatory character is not immediately apparent.

Place, 215 F.3d at 808. The discriminatory acts must all be sufficiently "linked together into a single chain . . . of conduct." Galloway v. General Motors Serv. Parts Operations, 78 F.3d 1164, 1166 (7th Cir. 1996). Also, the continuing violation doctrine will not apply to a time-barred act that is "discrete in time and circumstances," id., and involves a "single, significant event . . . [that is a] concrete, discrete development" rather than a "continuing act." Place, 215 F.3d at 808; see also Selan, 969 F.2d at 565 (quoting Berry v. Board of Supervisors of L.S.U., 715 F.2d 971, 981 (5th Cir. 1983) as stating that the acts must be "related closely enough to constitute a continuing violation" rather than "isolated [] and completed acts which must be regarded as individual violations.").

In addition, when evaluating whether the continuing violation doctrine applies, what the plaintiff knew or should have known is also relevant. If the plaintiff knew or "with reasonable diligence would have known" that he or she was being discriminated against when the time-barred acts of discrimination occurred, then the continuing violation doctrine does not apply. Place, 215 F.3d at 808 (quoting Moskowitz v. Trustees of Purdue Univ., 5 F.3d 279, 281-82 (7th Cir. 1993)). Thus, the continuing violation doctrine generally will not apply to acts such as firing or demoting a plaintiff, or failing to promote or transfer a plaintiff. See id. The doctrine is better suited to claims such as sexual harassment where the "intensity" or "cumulative effect" of the harassment may gradually increase over a period of time. Id.

In this case Guerra clearly asserts that the third type of continuing violation occurred, namely that the hidden nature of the discrimination occurring outside to the 300 day limitations period kept him from immediately realizing that he was being discriminated against. However, the acts for which Guerra seeks relief are instances where he was denied a promotion and where he was denied enrollment in a training course. Each time that the ISP denied Guerra a promotion or enrollment in a training course was a distinct event that involved a separate and concrete discriminatory act. See, e.g., Place, 215 F.3d at 808 (stating that "[l]ike being fired, demoted, or not promoted, a job transfer is a single, significant event, not a continuing act"). Thus, the continuing violation doctrine does not apply in this case and the defendants' motion is granted.

Guerra is barred from obtaining relief for any discriminatory acts of the defendants which occurred outside of the 300 day limitations period.

## II. Retaliation Count

Generally, a plaintiff cannot assert claims that were not included in the E.E.O.C. charge. See Cheek v. Western & S. Life Ins. Co., 31 F.3d 497, 500 (7th Cir. 1994). However, the E.E.O.C. charge can be read liberally to include "reasonably related" claims and claims that "can reasonably be expected to grow out of an EEOC investigation of the allegations in the charge." Id. (citing Jenkins v. Blue Cross Mut. Hosp. Ins., Inc., 538 F.2d 164, 167 (7th Cir. 1976)); see also Rush v. McDonald's Corp., 966 F.2d 1104, 1111 (7th Cir. 1992); Santelli v. Electro-Motive, 136 F. Supp. 2d 922, 933-34 (N.D. Ill. 2001); Lalvani v. Cook County, No. 98 C 2847, 2000 WL 198459, *4 (N.D. Ill. Feb. 14, 2000). To establish a prima facie case of retaliation the plaintiff must show: 1) the employee engaged in a statutorily protected activity; 2) an adverse action by the employer against the employee; and 3) a causal link between the protected activity and the adverse action. See Johnson v. Sullivan, 945 F.2d 976, 979 (7th Cir. 1991). In Guerra's response to the defendants' motion, Guerra admits that the E.E.O.C. charge alleging discrimination did not contain allegations of retaliation and that his complaint did not contain factual support for the retaliation count.

In light of these plain deficiencies, Guerra requests an opportunity to amend his complaint to include his E.E.O.C. retaliation charge. We must deny the request because a plaintiff's response to the defendants' motion to dismiss

is not the proper place to make such a request. The count alleging retaliation is hereby dismissed without prejudice and the plaintiff is free to request leave to amend his complaint through the regular mechanisms this Court provides.

## CONCLUSION

For the foregoing reasons, we grant the defendants' motion to dismiss those allegations of discrimination occurring outside of the 300 day filing period. We also dismiss in its entirety the count alleging retaliation. Finally, we dismiss with prejudice all claims against the State of Illinois.

*Charles P. Kocoras*
Charles P. Kocoras
United States District Judge

Dated: August 30, 2001