Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 2839 | **DATE** | 11/14/2001 |
| **CASE TITLE** | Guerra vs. Illinois State Police et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing re-set for 2/25/2002 at 9:30 A.M..
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Ruling held. **ENTER MEMORANDUM OPINION:** Defendants' motion (Doc 12-1) to strike and dismiss is granted. We grant the motion to strike paragraph 15 as it applies to Counts I and II, and all other paragraphs that make reference to events prior to November 11, 1999, and July 2000 as they apply to Count II ( 12, 13, 16, 17, 24, 25, 26, 27, 30, 35). Based on the remainder of the complaint, we dismiss Count II in its entirety. Discovery cut-off date is hereby extended to February 25, 2002.
(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | NOV 15 2001 date docketed | |
| ✓ | Docketing to mail notices. | | 19 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| SCT | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FRANK GUERRA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 01 C 2839 |
| | ) | |
| ILLINOIS STATE POLICE and the | ) | |
| STATE OF ILLINOIS, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter is before the Court on Defendant Illinois State Police's motions to dismiss count II and to strike certain portions of the complaint pursuant to Fed. R. Civ. Proc. 12(b)(6) and (f). For the reasons set forth below, we grant the motion to strike in part and dismiss count II.

### BACKGROUND

After our August 30 dismissal of his first complaint, Plaintiff Frank Guerra ("Guerra") filed a two-count amended complaint against the Defendant, Illinois State Police ("ISP"). Count I alleges discrimination on the basis of race and national origin in violation of 42 U.S.C. 2000(e) et seq. Count II alleges retaliation for the filing of the discrimination charge. The ISP seeks to strike all parts of Guerra's complaint that

allege retaliatory acts occurring before Guerra filed his EEOC charge and those that allege retaliatory acts that happened outside of the 300-day filing limitation period. The ISP also seeks to dismiss count II for failure to state a claim.

Guerra, a Hispanic/Mexican male, was employed by the ISP as a Master Sergeant. Guerra alleges that he was unfairly passed over for promotions to achieve the rank of Lieutenant. He filed a charge with the EEOC on November 11, 1999, alleging that the ISP discriminated against him on the basis of his race and national origin. He filed a second charge on May 11, 2001, alleging that he was retaliated against for filing the first charge. Guerra's complaint states that he was passed over for promotions, denied transfer requests, and restricted in certain duties.

## LEGAL STANDARD

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the sufficiency of the complaint, not to decide the merits of the case. In ruling on a motion to dismiss, the Court must construe the complaint's allegations in the light most favorable to the plaintiff and accept as true all well-pleaded facts and allegations. See Bontkowski v. First National Bank of Cicero, 998 F.2d 459, 461 (7th Cir. 1993). The allegations of a complaint should not be dismissed for failure to state a claim "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957);

see also Hartford Fire Insurance Co. v. California, 509 U.S. 764 (1993); Sherwin Manor Nursing Center, Inc. v. McAuliffe, 37 F.3d 1216, 1219 (7th Cir. 1994). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege facts sufficiently setting forth the essential elements of the cause of action. See Lucien v. Preiner, 967 F.2d 1116, 1168 (7th Cir. 1992). In reviewing a Rule 12(b)(6) motion to dismiss for failure to state a claim, the Court must limit itself to the allegations contained in the pleadings themselves.

In granting a motion to strike, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Fed. R. Civ. Proc. 12(f).

## DISCUSSION

For an unlawful employment practice to form the basis of a retaliation charge under Title VII, the practice must happen after, or in response to, the filing of the charge. See McKenzie v. Illinois Dep't of Transp., 92 F.3d 474, 482-83 (7th Cir. 1996). Title VII also requires a plaintiff to file a charge of retaliation with the EEOC no later than 300 days after the alleged unlawful employment practice occurred. 42 U.S.C. § 2000(e)-5; Hentosh v. Herman M. Finch Univ. Sciences, 167 F.3d 1171, 1173-74 (7th Cir. 1999). The ISP seeks to strike all paragraphs that reference events that occurred before Guerra filed his discrimination charge with the EEOC as well as those that occurred more than 300 days before Guerra's second EEOC charge on the grounds that they are immaterial to a retaliation charge.

At paragraphs 12, 15-17, 30, and 35, Guerra alleges discriminatory acts that occurred prior to November 11, 1999, when he filed his discrimination complaint with the EEOC. By definition, retaliation claims arise after the filing of an EEOC charge. McKenzie, 92 F.3d at 482. Thus, the claims in these paragraphs cannot be retaliatory and are immaterial to a retaliation claim.

Events after November 11, on the other hand, could be considered retaliatory, but they are subject to the 300-day statutory limit. Guerra filed his retaliation complaint with the EEOC on May 11, 2001. Thus, he can include only retaliatory acts that happened after July 15, 2000. At paragraphs 25-27, Guerra alleges discriminatory acts that occurred prior to July 2000. The claims in these paragraphs cannot be used as basis for a retaliation claim and are stricken for that purpose.

The ISP also asks that this court strike paragraph 15 as it applies to count I because it occurred prior to the 300-day filing period. Guerra filed his original discrimination complaint with the EEOC on November 11, 1999. The acts in paragraph 15 are alleged to have happened in 1994. This is clearly outside the time limit. Paragraph 15 is therefore stricken as it applies to count I.

A plaintiff may obtain relief for wrongful acts that would otherwise be time-barred under the continuing violation doctrine. See Place v. Abbott Labs., 215 F.3d 803, 807 (7th Cir. 2000). The continuing violation doctrine allows a plaintiff to connect acts of discrimination that occurred outside the EEOC filing limitations period to acts that occurred within the limitations period and view all the discriminatory acts

as one continuous act that is not time-barred. See id.; Selan v. Kiley, 969 F.2d 560, 564 (7th Cir. 1992). However, the scope of the continuing violation doctrine is extremely limited. As discussed in our prior opinion, the continuing violation doctrine will not apply to a time-barred act that is discrete in time and circumstances and involves a single, significant event that is a concrete, separate development rather that a continuing act. Generally, it will not apply to acts such as firing or demoting a plaintiff, or failing to promote or transfer a plaintiff.

Each paragraph we have described contains a discrete event that is on its face separate from the others, especially those he alleges occurred after Guerra filed his first complaint. "When evaluating whether the continuing violation doctrine applies, what the plaintiff knew or should have know is also relevant." Place, 215 F.3d at 808. The events alleged in paragraphs 24-27 all happened after Guerra filed his first complaint. Thus, Guerra knew or should have known that these subsequent acts were retaliatory in nature at the time they occurred, and the continuing violation doctrine does not apply.

Accordingly, we strike paragraph 15 as it applies to both counts I and II. All other paragraphs that make reference to events prior to November 11, 1999, and July 2000 are stricken as they apply to count II (12, 13, 16, 17, 24-27, 30, 35).

The ISP next argues that the retaliation claim should be dismissed in its entirety pursuant to Fed. R. Civ. Proc. 12(b)(6) because Guerra failed to state a claim of

retaliation. We must view only the acts alleged in paragraphs not stricken from the complaint to determine whether Guerra has made out a prima facie case.

Title VII prohibits retaliation against an employee who has engaged in activity protected by the Act. 42 U.S.C. § 2000(e) et seq. To establish a prima facie case of retaliation, a plaintiff must show: (1) that he engaged in statutorily protected activity; (2) that he suffered an adverse employment action; and (3) that there is a causal link between the protected activity and the adverse action. Wilson v. Chrysler Corp., 172 F.3d 500, 504 (7th Cir. 1999).

Filing a complaint with the EEOC is clearly a statutorily protected activity. Rabinovitz v. Honorable Federico Pena, 89 F.3d 482, 488 (7th Cir. 1996); Smart v. Ball State University, 89 F.3d 437, 441 (7th Cir. 1996). In the instant case, there is no dispute that on November 11, 1999, Guerra filed a complaint for discrimination based on race and national origin with the EEOC. Thus, Guerra has sufficiently pleaded the first element of a prima facie case for retaliation.

We turn to the second element. For the purposes of a retaliation claim, an adverse employment action must consist of more than a mere inconvenience. Burlington Industries, Inc. v. Ellerth, 524 U.S. 742, 761 (1998), quoting Crady v. Liberty National Bank, 993 F.2d 132, 136 (7th Cir. 1993). Examples include "termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices that might be unique to a particular situation." Id.

In the instant case, Guerra generally alleges in paragraph 23 of the complaint that he has been "subjected to persistent, repeated and systematic retaliation by the defendant . . . in various ways . . . plaintiff has been denied promotional opportunities, denied education opportunities, poorly and unfairly evaluated, subjected to wrongful treatment and harassment . . . ." The complaint then follows with specific examples of retaliation. Paragraph 28 alleges Guerra stopped receiving jobs instructing at narcotics and new agents schools. Paragraphs 29 and 31 allege that Guerra received a low review score on two specific evaluations. Paragraph 32 alleges Guerra was denied a meeting with a supervisor. Paragraph 33 alleges that Guerra's poor evaluations were unfounded. Paragraphs 34 and 37 allege Guerra was denied the opportunity to receive other available positions, and paragraph 36 alleges that Guerra was denied a transfer. Finally, paragraph 39 alleges Guerra was denied requested shifts.

Guerra was never fired. His salary was never decreased, nor was his title of Master Sergeant ever removed. Although he was not asked to conduct certain training sessions, this is not alleged to have caused a significant reduction in his wages or his responsibilities. Furthermore, Guerra's negative evaluations do not constitute adverse job actions. See Rabinovitz, 89 F.3d at 488-89; Mata v. Illinois State Police, 2001 U.S. Dist. LEXIS 3564, *16 (N.D. Ill. Mar. 22, 2001). Guerra's lack of instructional assignments does not constitute adverse job actions. See Flaherty v. Gas Research Institute, 31 F.3d 451, 456 (7th Cir. 1994) (holding that a "bruised ego" is not enough for adverse job action). Nor has Guerra alleged that the ISP's failure to transfer him

has substantially affected his salary or responsibilities. See Crady, 993 F.2d at 136. Thus, even if all the allegations made by Guerra are true, the actions of the ISP do not qualify as adverse employment actions. Because Guerra has not sufficiently pleaded the second element of retaliation, there is no need to determine whether there is a causal link between the filing of the EEOC charge and the subsequent actions taken by the ISP.

## CONCLUSION

We grant the ISP's motion to strike paragraph 15 as it applies to counts I and II, and all other paragraphs that make reference to events prior to November 11, 1999, and July 2000 as they apply to count II (12, 13, 16, 17, 24, 25, 26, 27, 30, 35). Based on the remainder of the complaint, we dismiss count II in its entirety.

_____
Charles P. Kocoras
United States District Judge

Dated: __November 14, 2001__